# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Ricardo Pena Gallegos, | ) |
| Movant, | ) |
| vs. | ) No. 09-0320-CV-W-FJG |
| | ) Crim. No. 06-00337-03-CR-W-FJG |
| United States of America, | ) |
| Respondent. | ) |

## ORDER

Pending before this Court is movant's motion pursuant to 28 U.S.C. 2255 to vacate, set aside, or correct his sentence (Doc. No. 1).

Defendant entered a guilty plea on October 3, 2007, and pleaded guilty to conspiracy to import marijuana and cocaine into the United States and conspiracy to distribute 1,000 kilograms or more of marijuana. On April 17, 2008, this Court entered final judgment against movant, and sentenced him to 262 months' imprisonment. Defendant did not file an appeal. Movant filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on April 27, 2009.

Movant alleges ineffective assistance of counsel and a violation of Fed. R. Crim. P. 11 during his change of plea hearing. As a threshold matter, the Court shall first determine whether movant's motion is timely.

Effective April 24, 1996, persons seeking relief under 28 U.S.C. § 2255 have a one-year period of limitation from the date on which their judgment is final, in which to file a § 2255 motion. See Clay v. United States, 537 U.S. 522, 524 (2003); 28 U.S.C. § 2255(f); Moore v. United States, 173 F.3d 1131, 1333 (8th Cir. 1999). Here, because movant did not file an appeal, the judgment became final when the deadline for movant to file a notice appeal expired (i.e., May 1, 2009). Movant filed his motion on April 27, 2009, which falls within one year of the date his judgment became final; therefore, the motion was timely. See Anjulo-Lopez v. U.S., 541 F.3d 814, 816 n. 2 (8th Cir. 2008) (citing Never Misses A Shot v. United States, 413 F.3d 781, 782 (8th Cir. 2005)).

The Court will not issue a certificate of appealability in this matter. A certificate of appealability will be issued only if petitioner makes a substantial showing of the denial of a constitutional right and has indicated which specific issue or issues satisfy the showing required has been made. 28 U.S.C. § 2253(c)(2) and (3). Additionally, "the petitioner 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" Randolf v. Kemna, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (quoting Barefoot v.Estelle, 463 U.S. 880, 893 n.1 (1983)) (alteration in original). Although this may be referred to as a "modest standard," id. (citing Charles v. Hickman, 228 F.3d 981, 982 n.1 (9th Cir. 2000)), movant has failed to meet this burden.

## JUDGMENT

Upon review of movant's 28 U.S.C. § 2255 motion (Doc. No. 1) and the government's response (Doc. No. 15), the Court hereby denies movant's request to vacate, set aside or correct the sentence herein. The Court believes the arguments set forth by the respondent present a thorough legal and factual analysis and adopts respondent's analysis and conclusions as its own by reference hereto. This judgment applies to movant's original, timely § 2255 motion (Doc. No. 1), and all subsequent untimely filed motions requesting the same.

For the aforesaid reasons movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), filed April 27, 2009, is hereby denied.

The Court further finds that the issues presented by movant are resolvable by the record and, therefore, no evidentiary hearing will be granted.

**IT IS SO ORDERED**.

Date: 11/10/09  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge